IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL M. BARLEY, #260262, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:10-CV-1036-WKW |
| | ) [WO] |
| | ) |
| LEROY JAMISON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Daniel M. Barley ["Barley"], a frequent and prolific inmate litigant, alleging that officer Leroy Jamison used excessive force and committed a sexual assault against him on August 17, 2009.[1] Specifically, Barley asserts that during a pat search Jamison forcefully kicked his feet apart causing "his legs to buckle, hurting his right knee, his right hip and his lower back. Officer Jamison then proceeded to search Barley by grabbing his stomach with his fingers pinching and applying pressure that caused bruising . . . . Officer Jamison then grabbed Barley's testicles and squeezed them . . . then jerked his hand away pulling on these testicles causing severe pain to Barley." Doc. No. 1 at 7.

The defendants filed a special report and supporting evidentiary materials addressing

---

[1] Barley currently has four civil actions pending before this court in which he lists numerous correctional, medical and state officials as defendants.

the claims raised by Barley. In these documents, the defendants adamantly deny the allegations presented by Barley and maintain that Jamison merely conducted a routine pat search of Barley on the date in question.

On January 9, 2013, Barley filed a motion for preliminary injunction in which he requests that the defendants "not allow defendant Leroy Jamison to work near or in close proximity to the plaintiff." Doc. No. 94 at 1-2. In support of this motion, Barley maintains that Jamison often screams orders at inmates and threatens disciplinary action if inmates fail to obey his orders. *Id*. at 2. Barley further asserts that Jamison, on occasion, will use abusive and profane language towards inmates. *Id*. at 3. Barley alleges these actions by Jamison have caused him to become panicked and stressed in fear of possible adverse action by Jamison. *Id*.

On February 4, 2013, the defendants filed a response, supported by declarations, in opposition to the motion for preliminary injunction. Doc. No. 119. The defendants deny the allegations made by Barley with respect to purported harassment of inmates by Jamison. They further maintain that the majority of complaints made by Barley arise from incidents of defendant Jamison taking actions in accordance with his duties as a correctional officer. Specifically, Jamison concedes that while working in the tower at the Draper Correctional Facility he has "firmly and aggressively told inmates to stay away from the fence, and that [they] will be written up if they don't immediately obey" the order as it is the policy at Draper to keep inmates away from the fence. Doc. No. 119-1 at 2. Jamison also concedes

that while assigned to the dining hall he "could have aggressively and firmly let [inmates] know [that they] needed to move along" in the line so that feeding would proceed in an efficient manner. *Id*. Finally, Jamison maintains he often issues orders to inmates in a stern manner requiring their need to undertake and complete various required tasks and is "sure that I tell the inmates if they do not follow instructions, they will be written up. This is not a 'threat,' it is an incentive to get them to work . . . . Again, it is my job to write up disciplinaries on inmates who break prison rules." *Id*. Jamison correctly states that the mere fact Barley has a pending lawsuit does not "mean that Barley is allowed to mistreat officers or not obey the instructions of the officers." *Id*. at 1. Jamison also declares that although he is firm and strict in requiring that inmates act in accordance with prison rules he "is not a safety threat to Barley or any other inmate . . . ." *Id*. at 3.

Upon review of the plaintiff's motion for preliminary injunction and the defendants' response thereto, the court concludes that this motion is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Barley demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties;

and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Memorial Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Barley has failed to demonstrate a substantial likelihood of success on the merits of his claims. The assertions contained in the motion for preliminary injunction are merely conclusory, self-serving allegations regarding alleged harassment of inmates by Jamison. Moreover, derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as verbal threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry . . . ."); *Ivey v.*

*Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("[A]lleged verbal threats by jail officials . . . did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere thereat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983).

In addition, Barley has utterly and completely failed to demonstrate a substantial threat that he will suffer a requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, clearly weighs more heavily in favor of the defendants as issuance of the requested injunction would severely undermine the authority of correctional officials by limiting their ability to assign officers to areas of prisons where an officer's inmate accuser is housed. In essence, granting the relief requested by Barley would provide an inmate the means by which to dictate where certain officers are assigned in a particular facility and potentially the entire prison system. It is likewise clear that issuance of the requested injunction would have a chilling effect on the manner in which correctional officers supervise inmates who have pending lawsuits. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Barley has failed to meet his burden of demonstrating the existence of the necessary

prerequisites for issuance of a preliminary injunction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff on January 9, 2013 be DENIED; and

2.  This case be referred o back the undersigned for additional proceedings.

It is further

ORDERED that on or before **February 20, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

Done this 6th day of February, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE