IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL M. BARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-1036-WKW |
| | ) |
| LEROY JAMISON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On February 6, 2013, the Magistrate Judge filed a Recommendation. (Doc. # 120.) Plaintiff objected. (Doc. # 134.) The court reviews *de novo* the portion of the Recommendation to which the objection applies. 28 U.S.C. § 636(b)(1). After an independent and *de novo* review of the record, the court finds that Plaintiff's Motion for a Preliminary Injunction (Doc. # 94) fails.

Assuming without deciding that Plaintiff could demonstrate a substantial likelihood of success on the merits and a substantial threat of irreparable injury, his motion nonetheless fails because Plaintiff has not demonstrated that the threatened injury outweighs the potential damage the requested injunction may cause Defendants or that the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (listing the four requirements for the grant of a preliminary injunction); *see also Wall v. Ferrero*, 142 F. App'x 405, 407 (11th Cir.

2005) (applying the same requirements to a motion for a preliminary injunction brought by state prison inmates seeking relief under 42 U.S.C. § 1983). Granting the requested injunction would undermine the state's operation of its prison system because it would give inmates like Plaintiff a means to dictate where and how personnel are assigned. Such an order is contrary to the public interest and risks great damage to efficient operation of state prison systems. Accordingly, it is ORDERED that Plaintiff's objection (Doc. # 134) is OVERRULED and the Recommendation of the Magistrate Judge (Doc. # 120) is ADOPTED.

After Plaintiff filed his Motion for a Preliminary Injunction, he filed what he styled as a Motion for a Protection Order. (Doc. # 121.) When the Magistrate Judge denied his motion (Doc. # 122), Plaintiff objected (Doc. # 135).

Upon review of Plaintiff's Motion and the Magistrate Judge's order, Plaintiff's so-called "Motion for a Protection Order" is actually another motion for a preliminary injunction.[1] Plaintiff does not seek a "protective order" as that term is typically used in this court, that is, in reference to an order pursuant to Federal Rule of Civil Procedure 26(c) to limit the frequency or extent of discovery or to protect against disclosure of certain discoverable information. Rather, he asks the court to "protect"

---

[1] The full styling on Plaintiff's filing was "Plaintiff's Supplemental Evidence in Support of the Preliminary Injunction and Motion for Protection Order" (Doc. # 121), a title providing further support for the conclusion that Plaintiff moves the court for the same relief he sought in his earlier motion.

him from the presence of Defendant Leroy Jamison by ordering that Jamison stay away from Plaintiff until the court can rule on Plaintiff's Section 1983 claim, which seeks damages as well as injunctive relief. Such an order would be a preliminary injunction, and as shown above, Plaintiff is not entitled to a preliminary injunction.

For the reasons stated above and in the Magistrate Judge's Recommendation on Plaintiff's initial Motion for a Preliminary Injunction (Doc. # 120), it is ORDERED that Plaintiff's objection (Doc. # 135) to the Magistrate Judge's Order (Doc. # 122) is OVERRULED.

DONE this 25th day of February, 2013.

        /s/ W. Keith Watkins
       CHIEF UNITED STATES DISTRICT JUDGE